INTERURBAN RY. & TERM. CO. v. FREDERICK J. TREUHEIT.

1. CONTRIBUTORY NEGLIGENCE OF STREET CAR MOTORMAN.

The motorman of an electric car is guilty of contributory negligence if, by the exercise of ordinary care and prudence, he ought to have discovered the presence of another car on the same track in time to have avoided the collision in which he was injured.

[For other cases in point, see 6 Cyc. Dig., "Master and Servant," §§ 519-590; "Negligence," §§ 285-326.—Ed.]

2. GENERAL LAW OF NEGLIGENCE NOT APPLICABLE TO EMPLOYES.

The rule of law that one who is placed in a situation of danger without his fault is not to be held to the exercise of the same care and circumspection that prudent persons would exercise when no danger is present, does not apply to a motorman injured in a collision, who testified that "The instant I saw the other car approaching I threw the current off and applied my brakes—the only thing I could have done."

[For other cases in point, see 6 Cyc. Dig., "Negligence," §§ 357-361.—Ed.]

3. APPLICATION OF EMPLOYERS' RULES FOR THE JURY.

Whether a car barn situated midway on an electric railway, where conductors are required to stop for orders from a train dispatcher, is a terminal station within the meaning of a rule of the company which gives a conductor control of the car in regard to starting, stopping and general management of the car "between terminal stations," is a question for the jury under proper instructions from the court.

4. RULES OF EMPLOYER NOT CONSTRUED AGAINST EMPLOYE.

A rule of the company which requires a conductor, upon receiving orders from the train dispatcher to "verbally communicate them to the motorman before proceeding," will not be construed against a motorman who started his car upon receiving a "bell" signal from the conductor to start, inasmuch as he could have placed no more reliance upon a "verbal" order to proceed than upon a bell signal, if they both came from the same person.

[For other cases in point, see 6 Cyc. Dig., "Master and Servant," §§ 247-263.—Ed.]

[Syllabus approved by the court.]

The plaintiff below sued for damages on account of injuries sustained while employed by the railway company as a motorman. He alleged that he started his car eastward from the Coney Island barn toward Bethel, upon signal so to do given him by the conductor of the car; that he was running on or about schedule time; that it was a single track road, and when about eight minutes out, and on a sharp curve, he saw a car approaching from the opposite direction about one hundred feet distant; that he remained at his post to reverse the current and apply the brakes, and in so doing was caught in the crash, and lost one foot thereby and sustained other injuries; that the car which he met

was an extra car, and that the defendant company wantonly, negligently, wilfully and unlawfully failed to give him any warning of the approach of said car. The jury found in his favor, and assessed his damages at $2,000.

**F. F. Dinsmore** and **C. M. Leslie,** for plaintiff in error.

**C. S. Schneider, L. H. Zeter** and **J. E. Robinson,** for defendant in error.

GIFFEN, J.

The defendant below requested the court to give to the jury before argument the following special instructions, which is a correct proposition of law applicable to the evidence in the case, and its refusal was error:

"If you should find from the evidence that the plaintiff, when going up the track along three-mile road, by exercising ordinary care and prudence, ought to have discovered the presence of the other car in time to have stopped his own car without a collision, then I charge you that his failure to do so would be contributory negligence on his part, and he could not recover a verdict in this case against the defendant."

The general charge contained this proposition:

"The law further says that when a person without his fault is placed in a situation of danger, he is not to be held to the exercise of the same care and circumspection that prudent persons would exercise where no danger is present; the question in such case is not what a person of ordinary care and prudence would do under ordinary circumstances, but what would he do or ought reasonably be expected to do in the presence of such existing danger."

The evidence does not present a situation where the plaintiff was required to choose suddenly between different courses of action. The plaintiff himself testifies that "The instant I saw the other car approaching, why I threw the current off and applied my brakes—the only thing I could have done," and pleads substantially the same facts in his petition. The charge was, therefore, misleading and erroneous.

The court gave to the jury the following special instruction:

"If you find from the evidence that the defendants, the Interurban Railway & Terminal Company, placed the plaintiff as motorman under their employ, under the control of the conductor of the car, in regard to the starting, stopping and general management of the car between terminal stations, the defendant is liable to the motorman for an injury received without plaintiff's fault, occasioned by the negligence of the conductor, while they are both engaged in their respective employment."

The liability is here made broader than the finding would warrant.

Railway & Term. Co. v. Treuheit. ·

It should be limited to the negligence of the conductor while both are engaged in their respective employment between terminal stations.

Whether the car barn was a terminal station, within the meaning of the company's rule, to which the instruction applied was a question for the jury under proper instructions from the court.

There was testimony tending to prove a custom or rule of the company, that, on the arrival of a car at the car barn the conductor was required to obtain orders from the train dispatcher, and verbally communicate them to the motorman before proceeding. If there was such a rule or custom, and was understood by the plaintiff motorman, it was his duty to wait for such orders, and not to proceed upon a mere bell signal from the conductor. It is, however, very improbable that the rule was so strict as to require a transmission of the orders verbally by the conductor to the motorman, as the latter would have no more assurance that the orders came from the train dispatcher than he would if transmitted by bell signal, unless he verified them by going himself to the train dispatcher; but there is no pretense that the rule required him to do so.

We are of opinion that the instruction was erroneous. There was no error in refusing to give special instruction No. 8 requested by defendant, as it merely states a self-evident truth.

We are of opinion, further, that the verdict is not sustained by sufficient evidence; but in view of the conflict in the testimony, we are not prepared to say that the defendant was manifestly free from negligence, nor that the plaintiff was manifestly guilty of contributory negligence.

The judgment will be reversed for error in the instructions above specified and the cause remanded for a new trial.

**Jelke** and **Swing, JJ.,** concur.